IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-65,676-01, -02






EX PARTE JAMES LEE HEADRICK, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 0817877A & 0818137A IN THE 396
TH DISTRICT COURT


FROM TARRANT COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful
possession of a firearm by a felon and possession with intent to deliver methamphetamine. He was
sentenced to twenty-five years' imprisonment for each conviction. He did not appeal his convictions.

 Applicant contends that trial counsel rendered ineffective assistance because he advised
Applicant that his state sentences in these causes would run concurrently with a federal sentence. In
addition, Applicant contends that counsel advised him that he would be transferred to federal custody
after being sentenced in his state proceedings. 

 On October 4, 2006, we remanded the applications and instructed the trial court to determine
whether "counsel specifically advised Applicant that his state and federal sentences would run
concurrently and that he would be transferred to federal custody after being sentenced in his state
proceedings." On remand, the trial court found that counsel "properly advised" Applicant that he
could be transferred to federal custody after being sentenced in his state proceedings and that his state
and federal sentences could run concurrently. The trial court recommended that relief be denied. 

 We believe, however, that the record, specifically counsel's affidavit on remand, is not
adequate to resolve Applicant's claims and that Applicant has alleged facts that, if true, might entitle
him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact. Accordingly, the trial court shall hold a live evidentiary hearing to resolve
Applicant's ineffective assistance of counsel claims. 

 Before holding the hearing, the trial court shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After the hearing, the trial court shall make further findings of fact as to whether counsel
advised Applicant that his state and federal sentences would run concurrently and that he would be
transferred to federal custody after being sentenced in his state proceedings. The trial court shall then
make findings as to whether counsel's performance was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues.
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: January 24, 2007

Do not publish